## Fame Building & Loan Association v. Graber et ux.

*High, Dettra & Swartz*, for plaintiff.

*Russell J. Brownback*, for defendants.

KNIGHT, P. J., September 27, 1935. — The facts are clearly and concisely stated by counsel for the exceptant, as follows:

Ernest O. Graber and Elizabeth S. Graber were the owners of premises known as lots nos. 1 and 2, block C, on plan of Far View Farms, situate in West Norriton Township, on which the Fame Building & Loan Association held a mortgage.

On these premises the following taxes were levied and assessed for 1935:

| | |
|---|---|
| Township tax on February 1, 1935, in the sum of | $13.50 |
| Fire tax on February 1, 1935, in the sum of | 4.50 |
| County tax on February 11, 1935, in the sum of | 13.50 |
| School tax on April 4, 1935, in the sum of | 49.50 |
| Total taxes for 1935 | $81.00 |

On May 1, 1935, the premises were sold by Haseltine S. Lever, sheriff, on foreclosure proceedings instituted by the Fame Building & Loan Association, for a purchase price far in excess of the taxes so levied and assessed.

On June 1, 1935, the sheriff filed his schedule of distribution in the office of the prothonotary, which schedule

did not include taxes for 1935, because Raymond Ellis, Treasurer of West Norriton Township, had not filed with the sheriff tax bills covering the premises, for 1935.

On June 10, 1935, while the sheriff's schedule of distribution was still lodged in the office of the prothonotary, and before any distribution of the fund arising from the sale had been made, Mr. Ellis personally called at the office of the sheriff, and tendered his tax bills, and demanded that in the distribution to be made the taxes should be first paid. His tender and demand were refused, on the ground that the schedule of distribution had been prepared and filed.

Thereafter, on June 12, 1935, Mr. Ellis made similar demand and tender by letter, to which no answer was received.

At this time, Mr. Ellis had not as yet received his tax duplicates, and the same were delivered to him on the following dates: Township duplicate on July 5, 1935; county duplicate on July 6, 1935; school duplicate on July 5, 1935.

On this state of facts, is the township treasurer entitled to receive the 1935 taxes from the proceeds of the sale?

The relevant legislation may be found in section 2 of the Act of May 16, 1923, P. L. 207, and in sections 1 and 2 of the Act of May 22, 1895, P. L. 111.

Without quoting at length from the text of these acts, we adopt the summary of counsel for the exceptant, of their material provisions:

1. Taxes when levied and assessed constitute a first lien upon real estate.

2. When such real estate is sold at judicial sale and an amount is bid sufficient to pay costs and taxes, the lien of the taxes is divested and the tax collector is entitled to receive the amount thereof in distribution.

3. It is the duty of the tax collector or county commissioners to give the sheriff notice of the amount of the

taxes and of the sheriff to pay the taxes out of the proceeds of the sale after first deducting his costs.

The first question that confronts us is whether the exceptant is barred, because he made his demand after the sale but before the distribution.

This, however, is no longer an open question in this jurisdiction, for Judge Miller of this court, in Grigg v. Benson et al., 29 Dist. R. 853, decided the exact point favorably to the present exceptant's contention. In that case it was said: "it makes no difference whether the notice is received before, at, or after the sale, so long as it is given before the money is paid out."

We see no reason to depart from the logic or conclusion of Judge Miller's opinion. True, the above case arose under the Act of June 4, 1901, P. L. 364, and the Act of 1895, supra, but the relevant provisions of the Act of 1901 are identical with those of the Act of 1923, supra, and the Act of 1895 is still in force.

All of the taxes involved were levied and assessed prior to the sale, and were due and payable when levied and assessed: Laird v. Hiester, 24 Pa. 452; Heft v. Gephart, 65 Pa. 510; McDermott et al. v. Hoffman, 70 Pa. 31.

We are therefore of the opinion that the exceptions must be sustained.

And now, September 27, 1935, the exceptions are sustained, and it is ordered and directed that the sheriff's schedule of distribution be amended, so that the 1935 taxes shall be paid to Raymond Ellis, Treasurer of West Norriton Township, out of the proceeds of the sale.